I concur in the affirmance. I write specially only to say that the majority, in reviewing the Batson[2] issue, cites this Court's case of Ex parte Thomas, [Ms. 1921804, September 2, 1994] ___ So.2d ___ (Ala. 1994), wherein I dissented, ___ So.2d at ___.
My view of this Court's role in reviewing a Batson issue is set out in an extensive dissenting opinion in the Thomas case. There, I basically said that an appellate court, applying the principles of law set out in Hernandez v. New York,500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991), should "decline to overturn a trial court's finding on the issue of discriminatory intent unless the appellate court is convinced that the trial court's determination is clearly erroneous." Thomas, ___ So.2d at ___ (Maddox, J., dissenting).
I write here only to say that I agree that no Batson error was shown here, but in view of the fact that the majority cites this Court's Thomas case to support its affirmance, I should not be understood as agreeing that Thomas correctly states the law. I believe that my view of the law as expressed in my dissenting opinion in Thomas is correct.
[2] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986). *Page 933